UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GRAND CHUTE HOLDINGS, LLC,

    Plaintiff,

v.                                         Case No. 17-C-665

WILD TRUFFLE ARTISAN PIZZERIA
AND ITALIAN BISTRO INC. &
MARC WALTZER,

    Defendants.

---

## DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT

---

On May 11, 2017, Plaintiff Grand Chute Holdings LLC brought this action against Defendants Wild Truffle Artisan Pizzeria and Italian Bistro Inc. and Marc Waltzer for a breach of contract, fraudulent conveyance relating to real estate, and unjust enrichment. ECF No. 1. On May 30, 2017, Plaintiff filed an amended complaint. ECF No. 5. On October 6, 2017, Grand Chute Holdings filed a notice of service by publication. ECF No. 11. As proof of service by publication, Grand Chute Holdings filed two affidavits by an authorized representative of the Appleton Post Crescent newspaper, indicating that a notice had been published in the Post Crescent for each defendant on September 29, 2017. *Id*. On November 27, 2017, Grand Chute Holdings moved the court for an entry of default and default judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 13. The matter currently before the court is Grand Chute Holdings' motion for default judgment.

Federal Rule of Civil Procedure 55 makes a clear distinction between the entry of default and the entry of default judgment. *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339–40 (7th Cir.

2004). Default is entered upon a defendant's failure to plead or otherwise defend. Fed. R. Civ. P. 55(a). The entry of default recognizes that a party is in default for failing to comply with the rules. *See Hill v. Barbour*, 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Once the clerk enters default, the court uses its discretion to determine whether to enter default judgment pursuant to Rule 55(b).

There are several issues with Grand Chute Holdings' motion for default judgment. First, Grand Chute Holdings has failed to follow the procedure established in Rule 55. Rule 55(a) requires Grand Chute Holdings to move the Clerk for entry of default before moving for entry of default judgment. *See* Fed. R. Civ. P. 55(a).

However, the second and larger issue is that Grand Chute Holdings has failed to show that service has been properly executed on either defendant. "The party moving for entry of default has the burden of showing that service of process was effected consistent with Rule 4 of the Federal Rules of Civil Procedure." *Geraci v. Everhart*, No. 09-C-433, 2009 WL 3446193, at * 2 (E.D. Wis. Oct. 23, 2009). "If the moving party is unable to show proper service or that proper service was waived, the party should not be granted entry of default." *Id*.

Grand Chute Holdings asserts that it served both defendants via publication and has filed proof of such service. Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A) provide that an individual and a corporation, respectively, may be served by "following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court or where service is made." Under Wisconsin law, if a person or domestic corporation cannot be served personally after "reasonable diligence," service can by made "by publication of the summons as a class 3 notice, *under ch. 985*, and by mailing." Wis. Stat. §§ 801.11(1)(a)(c); 801.11(5)(b).

2

Chapter 985 of the Wisconsin Statutes is titled "Publication of Legal Notices" and provides requirements for service to be properly effectuated.

Grand Chute Holdings' notice of service by publication is deficient for two reasons. First, under § 985.02, Wisconsin law requires that "legal notice shall be published in a newspaper likely to give notice in the area or to the person affected." Grand Chute Holdings placed the newspaper service in the Appleton Post Crescent, which provides notice to persons in the greater Appleton, Wisconsin area. However, Grand Chute Holdings has provided nothing in the record to support that the Appleton Post Crescent was the newspaper most likely to give notice to the person (or company) affected or that publication in the Appleton Post Crescent would be sufficient to give notice to either defendant. *See PHH Mortg. Corp. v. Mattfeld*, 2011 WI App 62, ¶ 10–11, 333 Wis. 2d 129, 799 N.W.2d 455; *Dwyer v. Schmidt*, 120 Wis. 2d 673, 355 N.W.2d 253 (Ct. App. 1984). Based off Grand Chute Holdings' service processor's affidavits, Grand Chute Holdings only attempted service on each defendant once. ECF No. 8 at 1–2. Both attempted services were at a Fort Lauderdale, Florida address. *Id*. There is no indication that the service processor attempted service at any Wisconsin address, yet alone an address that would be within the Appleton area. Furthermore, Grand Chute Holdings' service processor stated that he was unable to locate Defendant Marc Waltzer in Fort Lauderdale or at a Greenville, Wisconsin residence. *Id*. at 3. Therefore, Grand Chute Holdings has failed to offer any support in the record that service by publication in an Appleton newspaper would be sufficient to meet the requirements of § 985.02.

Secondly, Grand Chute Holdings' notice of service by publication is deficient because Grand Chute Holdings failed to publish the notifications for the proper amount of time. "To effect proper service by publication, a plaintiff must publish a class 3 notice once each week, for three consecutive

3

weeks, in 'a newspaper likely to give notice in the area or to the person affected.'" *Krahenbuhl v. Ostrich Ranchers Ltd. P'ship*, No. 96-C-246, 2007 WL 3012712, at *3 (E.D. Wis. Oct. 12, 2007) (citing Wis. Stat. §§ 985.02(1), 985.07(3)). Grand Chute Holdings notice of service by publication indicates that each notice was published on September 29, 2017. This is insufficient to effect proper service by publication under Wisconsin law.

Furthermore, Grand Chute Holdings has failed to provide enough information in the record to support that despite "reasonable diligence" personal service was unable to be properly effectuated. Grand Chute Holdings' service processor only attempted personal service on each defendant once. *See Heaston v. Austin*, 47 Wis. 2d 67, 74, (holding that the determination of reasonable diligence will depend on the facts of the case and affirming a trial court's finding that attempting personal service twice was not reasonable diligence); *Friebert, Finerty & St. John, S.C. v. Doucas*, 228 Wis. 2d 510, 597 N.W.2d 774 (Ct. App. 1999) (finding plaintiff had failed to establish reasonable diligence under § 801.11 when they served by publication after the sheriff submitted an affidavit that the defendant could not be found after being unable to locate the defendant at her business address once). Outside of attempting personal service once, Grand Chute Holdings' service processor submitted an affidavit stating that the processor had performed several searches using Marc Waltzer's social security number in driver's license records and department of motor vehicle records and other locations. At this point, however, because there is only evidence of one attempted service at a Fort Lauderdale address, the record is insufficient to support a finding that Grand Chute Holdings was "reasonably diligent" in attempting to serve defendants.

Therefore, because Grand Chute Holdings has failed to prove that service has been properly effected consistent with Wisconsin or federal law, its motion for default judgment is denied. On

4

September 19, 2017, the court issued a text order extending Grand Chute Holdings' time to effect service to December 1, 2017. Grand Chute Holdings will be unable to properly effect service by publication by then. Therefore, the court will extend Grand Chute Holdings' time to serve Defendants until February 26, 2018. The court advises Grand Chute Holdings to ensure that it is properly serving defendants because the court is unlikely to extend time to serve again if Grand Chute Holdings continues to fail to properly effect service on defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment (Doc. 13) is **DENIED**. The hearing previously set for Plaintiff's motion is cancelled.

**IT IS FURTHER ORDERED** that Plaintiff must effect service on defendants **ON OR BEFORE FEBRUARY 26, 2018.**

Dated this   4th   day of December, 2017.

          s/ William C. Griesbach
          William C. Griesbach, Chief Judge
          United States District Court